IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 0:12-CV-61917-WPD/DIMITROULEAS/SNOW

**IVAX LLC f/k/a/ IVAX CORPORATION,**

    Plaintiff and Counterclaim-Defendant,

    v.

**CELGENE CORPORATION,**

    Defendant and Counterclaim-Plaintiff.

**JOINT SCHEDULING REPORT AND DISCOVERY PLAN**

On November 28, 2012, counsel for Plaintiff IVAX LLC f/k/a/ IVAX Corporation ("IVAX" or "Plaintiff"), Jeffrey D. Blake, Esq., and counsel for Defendant Celgene Corporation ("Celgene" or "Defendant"), Eric L. Lundt, Esq., J. Patrick Elsevier, Ph.D., Esq., and Christopher M. Morrison, Esq., conducted a meeting pursuant to the Order Requiring Counsel to Meet, File Joint Scheduling Report and Joint Discovery Order (D.E. 6) and in accordance with Fed. R. Civ. P. 26(f) and Local Rule 16.1(b). The parties hereby submit this Joint Scheduling Report and Joint Discovery Report Pursuant to the Court's Order Granting Joint Motion For Extension Of Time To File Joint Scheduling Report (D.E. 18).

**I.    THE LIKELIHOOD OF SETTLEMENT.**

The parties have discussed the potential for settlement but do not believe that settlement of this case is likely at this time.

II. **THE LIKELIHOOD OF APPEARANCE IN THE ACTION OF ADDITIONAL PARTIES.**

At this time, the parties do not believe it is likely that any additional parties will be joined in this suit.

III. **PROPOSED CASE MANAGEMENT TRACK**

The parties agree that, given the nature of the claims involved, the case should be assigned to the "Complex Track" under S.D. Fla. L. Civ. R. 16.1(A).

IV. **PROPOSED LIMITS ON TIME AND PROPOSED SCHEDULE**

  A. **Parties' Proposed Pretrial Schedule(s)**

On November 15, 2012, Celgene filed a Motion for Judgment on the Pleadings (D.E. 14), which is currently pending. The parties have agreed to defer the start of discovery until after that motion is resolved by the Court. The following proposed schedule is submitted by the Parties in the event the Court denies Celgene's pending Motion:

| EVENT | PARTIES' PROPOSED DATE |
|---|---|
| Parties serve Rule 26(a)(1) Initial Disclosures | 14 days after a final Order resolving Defendant's Motion for Judgment on the Pleadings (D.E. 14) |
| Disclosure of Preliminary Asserted Claims and Preliminary Infringement Contentions and Supporting Documents | 14 days after Rule 26(a)(1) Initial Disclosures are served |
| Disclosure of Preliminary Invalidity Contentions and Supporting Document Production | 45 days after service of the Disclosure of Preliminary Asserted Claims and Preliminary Infringement Contentions and Supporting Documents |
| Deadline to amend pleadings | 04.01.13 |
| Parties exchange list of terms for construction | 04.15.13 |
| Parties exchange preliminary claim constructions and supporting evidence | 05.01.13 |
| Parties exchange responsive claim constructions and supporting evidence | 05.15.13 |
| Deadline to file Joint Claim Construction Chart, Worksheet and Hearing Statement | 05.29.13 |
| Parties complete claim construction discovery | 06.12.13 |
| Opening claim construction briefs filed | 07.01.13 |

| EVENT | PARTIES' PROPOSED DATE |
|---|---|
| Answering claim construction briefs filed | 07.22.13 |
| Claim construction hearing | At Court's convenience |
| Deadline to Serve Supplemental Infringement Contentions | 15 days after service by the Court of its Claim Construction Ruling |
| Deadline to Serve Supplemental Invalidity Contentions | 30 days after service by the Court of its Claim Construction Ruling |
| Deadline to complete all fact discovery | 45 days after service by the Court of its Claim Construction Ruling |
| Parties serve expert reports for issues on which they bear the burden of proof | 30 days after completion of fact discovery |
| Parties serve answering expert reports for issues on which they do not bear the burden of proof | 30 days after opening expert reports are served |
| Defendant serves reply expert report(s) limited to issues of secondary indicia of non-obviousness (if any) | 14 days after service of answering expert reports |
| Parties complete expert discovery | 30 days after service of answering expert reports |
| Deadline to file summary judgment/*Daubert* motions | 30 days after completion of expert discovery |
| Parties file Mandatory Pretrial Statement | 30 days after deadline to file summary judgment/Daubert motions |
| Parties file motions *in limine* | 30 days after deadline to file summary judgment/Daubert motions |
| Parties file responses to motions *in limine* | 14 days after motions *in limine* are filed |
| Resolution of all pretrial motions by the Court | |
| Pretrial conference | |
| Trial | |

    **B.**    **Patent Disclosures**

        **1.**    **Disclosure of Preliminary Asserted Claims and Preliminary Infringement Contentions.**

Pursuant to the schedule set forth by the Court, a party claiming patent infringement must serve on all parties a "Disclosure of Preliminary Asserted Claims and Preliminary Infringement Contentions." Separately for each opposing party, the "Disclosure of Preliminary Asserted Claims and Preliminary Infringement Contentions" must contain the following information:

    a. A preliminary list of each claim of each patent in suit that is allegedly infringed by each opposing party. This preliminary list of asserted claims shall not

3

prejudice Plaintiffs' right to assert additional claims, if necessary, after having the opportunity to take fact discovery;

b. Separately for each preliminary asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification must be as specific as possible. Each product, device and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

c. A chart identifying specifically where each element of each preliminary asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

d. Whether each element of each preliminary asserted claim is claimed to be literally present and/or present under the doctrine of equivalents in the Accused Instrumentality;

e. For any patent that claims priority to an earlier application, the priority date to which each preliminary asserted claim allegedly is entitled; and

f. If a party claiming patent infringement asserts that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each preliminary asserted claim,

each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

**2. Document Production Accompanying Disclosure.**

With the "Disclosure of Preliminary Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying, the following documents in the possession, custody or control of that party:

a. Documents sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required within these rules does not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

b. All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Section IV.B.1.e, above, whichever is earlier; and

c. A copy of the file history for each patent in suit and each application to which a claim for priority is made under Section IV.B.1.e, above.

**3. Preliminary Invalidity Contentions.**

Pursuant to the schedule set forth by the Court, each party opposing a claim of patent infringement must serve on all parties its "Preliminary Invalidity Contentions," which must contain the following information:

a. The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. This includes information about any alleged

SDI-145400v1

knowledge or use of the invention in this country prior to the date of invention of the patent. Each prior art patent must be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) must be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity that made the use or that made and received the offer, or the person or entity that made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) must be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) must be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

b. Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination must be identified;

c. A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

d. Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) of any of the asserted claims; and

e. Any grounds of invalidity based on lack of written description, lack of enabling disclosure, or failure to describe the best mode under 35 U.S.C. § 112(1).

**4.     Document Production Accompanying Preliminary Invalidity Contentions.**

With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

a. Documentation sufficient to show the operation of any aspects or elements of any Accused Instrumentality identified by the patent claimant in its chart pursuant to Section IV.B.1.c, above; and

b. A copy of each item of prior art identified pursuant to Section IV.B.3.a, above which does not appear in the file history of the patent(s) at issue.  To the extent a party contends that one or more claims of a patent are invalid due to prior sale or prior public use of a product under 35 U.S.C. § 102(b), the party asserting such invalidity shall produce or make available for inspection, if available, documents or things sufficient to show that the alleged prior art product met each element of the claims prior to the critical date of the invention.  To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

**5.     Supplemental Contentions.**

Each party's "Preliminary Infringement Contentions" and "Preliminary Invalidity Contentions" will be deemed to be that party's final contentions, except as set forth below:

a. If a party claiming patent infringement believes in good faith that (1) the Court's Claim Construction Ruling so requires or (2) information learned during fact discovery so requires, then not later than fifteen (15) days after service by the

7

Court of its Claim Construction Ruling, a party claiming patent infringement may serve "Supplemental Infringement Contentions" without leave of Court that amend its "Preliminary Infringement Contentions" with respect to the information required by Section IV.B.1, above.

b. Not later than thirty (30) days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Supplemental Invalidity Contentions" without leave of Court that amend its "Preliminary Invalidity Contentions" with respect to the information required by Section IV.B.3, above if:

> 1. a party claiming patent infringement has served "Supplemental Infringement Contentions" pursuant to Section IV.B.5.a, above, or
>
> 2. the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

### 6. Amendment to Contentions.

Amendment or modification of the Supplemental Infringement Contentions or the Supplemental Invalidity Contentions may be made only by order of the Court, which will be entered only upon a showing of good cause.

## C. CLAIM CONSTRUCTION PROCEEDINGS

### 1. Exchange of Preliminary Claim Construction and Extrinsic Evidence.

a. Pursuant to the schedule set forth by the Court, the parties will simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties have identified for claim construction purposes. Each such "Preliminary Claim Construction" will also, for each element which any party contends is governed by 35 U.S.C.

8

§ 112(6), identify the structure(s), act(s), or material(s) described in the specification corresponding to that element.

b. Simultaneously with exchange of the "Preliminary Claim Constructions," the parties must also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of any fact or expert witnesses they contend support their respective claim constructions. The parties must identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, fact or expert, the parties must also provide a brief description of the substance of that witness's proposed testimony.

c. Pursuant to the schedule set forth by the Court, the parties will simultaneously exchange "Responsive Claim Constructions" identifying whether the responding party agrees with the other party's proposed construction, or identifying an alternate construction in the responding party's preliminary construction, or setting forth the responding party's alternate construction.

d. Simultaneous with exchange of the "Responsive Claim Constructions" pursuant to Section IV.C.1.c, the parties must also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of any fact or expert witnesses they contend support any

9

responsive claim constructions. The parties must identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, fact or expert, the parties must also provide a brief description of the substance of that witness's proposed testimony.

e. The parties must thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction Chart, Worksheet and Hearing Statement.

**2.    Joint Claim Construction Chart, Worksheet and Hearing Statement.**

Pursuant to the schedule set forth by the Court, the parties must complete and file a Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint Hearing Statement.

a. The Joint Claim Construction Chart must have a column listing complete language of disputed claims with the disputed terms in bold type and separate columns for each party's proposed construction of each disputed term. Each party's proposed construction of each disputed claim term, phrase, or clause, must identify all references from the specification or prosecution history that support that construction, and identify any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of fact or expert witnesses.

b. The parties' Joint Claim Construction Worksheet must include any proposed constructions to which the parties agree, as well as those in dispute.

c. The Joint Hearing Statement must include:

1. The anticipated length of time necessary for the Claim Construction Hearing; and

2. Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

V. **PROPOSALS FOR THE FORMULATION AND SIMPLIFICATION OF THE ISSUES.**

    A. **Agreement to Defer Discovery Until After Resolution of Defendant's Motion For Judgment on the Pleadings.**

The parties agreed to defer any discovery in the case until after a final ruling on the Defendant's Motion for Judgment on the Pleadings (D.E. 14) is entered. Should the Motion be denied, the parties propose that the case would proceed on a Pretrial Schedule as set forth in Section IV, above.

    B. **Bifurcation of Willfulness and damages.**

IVAX opposes the bifurcation of willfulness and damages, which has been proposed by Defendant. IVAX believes that the case is not likely to be disposed of without the parties having to address willfulness and damages. As such, IVAX believes that the parties should address these issues at the same time as other issues involved in the case.

Celgene believes that this case will likely be disposed of without the need for the parties and the Court to invest substantial time and expense to address the issues of willfulness and damages, or that, after a resolution is reached on the merits, the Parties will be in a position to dispose of this litigation through a negotiated settlement without the need for such discovery. Accordingly, Celgene believes that the issues of willfulness and damages should be bifurcated for purposes of discovery and trial, as is now common in patent infringement cases.

**VI.     THE NECESSITY OR DESIRABILITY OF AMENDMENTS TO THE PLEADINGS**

No need for Amendment to the Pleadings is currently known; however the parties will re-evaluate this matter upon commencement of discovery.

**VII.    THE POSSIBILITY OF OBTAINING ADMISSIONS OF FACT AND OF DOCUMENTS, AND THE NEED FOR ADVANCE RULINGS ON ADMISSIBILITY**

There is a possibility in this case that the parties will obtain admissions of fact from each other. At this time, there is no need for stipulating to the authenticity of documents or for any advance rulings from the Court as to the admissibility of certain evidence.  Should it become necessary, counsel will meet following the applicable discovery cut-off date and before the pretrial conference to discuss stipulations regarding the authenticity of documents and the need for advance rulings from the Court on the admissibility of evidence. The parties will attempt to work cooperatively to minimize evidentiary issues without intervention of the Court.

**VIII.   SUGGESTIONS FOR THE AVOIDANCE OF UNNECESSARY PROOF AND OF CUMULATIVE EVIDENCE**

At this time, the parties do not have any suggestion to avoid unnecessary proof and to avoid the admission of cumulative evidence, but shall meet to discuss the issue following the applicable discovery cut-off date and before the pretrial conference.  The parties will attempt to work cooperatively and confer as to ways to avoid unnecessary proof and cumulative evidence.

**IX.     SUGGESTIONS ON THE ADVISABILITY OF REFERRING MATTERS TO A MAGISTRATE JUDGE OR MASTER**

The parties consent to have all discovery matters heard and decided by the United States Magistrate Judge assigned to this case.

SDI-145400v1

X.     **PRELIMINARY ESTIMATE OF THE TIME REQUIRED FOR TRIAL**

At this time, IVAX's preliminarily estimate of the time for trial of this action is five to seven court days, whereas Celgene's preliminarily estimate of the time for trial of this action is eight to eleven court days.

XI.    **REQUESTED DATE OR DATES FOR CONFERENCES BEFORE TRIAL, A FINAL PRETRIAL CONFERENCE, AND TRIAL**

The parties believe that trial date should occur within a period of time following the Court's service of its Claim Construction Ruling. The parties currently estimate that a trial would occur in April 2014. At this time, the parties do not request any particular conferences with the Court, but will advise this Court of the changing need for any such conference as discovery and this litigation progresses.

XII.   **ANY OTHER INFORMATION THAT MIGHT BE HELPFUL TO THE COURT IN SETTING THE CASE FOR STATUS OR PRETRIAL CONFERENCE**

As indicated by the parties' proposed schedule(s) set forth in Section IV.A, above, the parties believe that trial date should set to occur within a period of time following the Court's service of its Claim Construction Ruling. The parties currently estimate that a trial would occur in April 2014.

XIII.  **DISCOVERY LIMITS**

The parties agree that the limitations on discovery contained in the Federal Rules of Civil Procedure and the Local Rules of this Court shall apply, unless otherwise stipulated. No individual fact witness deposition shall exceed seven hours of testimony without prior approval from the Court. Each seven hours of testimony of Rule 30(b)(6) witnesses (whether by one or more designees) will be counted as a single fact witness deposition. Should it become apparent that more deposition time is needed by either side, the parties will confer in an attempt to agree

on a new limit. If no such agreement can be reached, the party seeking additional depositions will seek leave from the Court to expand the limitations.

IVAX proposes that each side is limited to ten fact witness depositions, except that this limit shall not count depositions of third party witnesses.

Celgene believes that the deposition limit as set forth in Federal Rule of Civil Procedure 30(a)(2)(A)(i) should apply.

**XIV.   Electronically Stored Information:**

The parties have agreed to negotiate in good faith a separate order to govern the preservation and production of electronically stored information to submit to the Court.

**XV.    Protective Order**

The parties anticipate that confidential information of the parties and third parties will be produced in discovery.  Therefore, the parties have agreed to submit a jointly proposed Protective Order to the Court.

**XVI.   Privilege Logs**

The parties have agreed that documents subject to protection from disclosure based on the attorney-client privilege or work product immunity created after the filing of the complaint in this action, i.e., September 28, 2012, need not be logged on any privilege logs.

**XVII.  Service of Process:**

The parties agree that service of all pleadings and other papers identified in Rule 5(a) of the Federal Rules of Civil Procedure shall be served via email delivery.

Dated:  December 18, 2012                                   Respectfully submitted,

| | |
|---|---|
| /s/ Marlene Silverman | /s/ Eric L. Lundt |
| Marlene Silverman, Esq. | Gordon James III |
| silvermanm@gtlaw.com | (Florida Bar No. 0150077) |
| Robin L. Scott, Esq. | Email: gordon.james@sedgwicklaw.com |
| scottr@gtlaw.com | Eric L. Lundt |
| GREENBERG TRAURIG, LLP | (Florida Bar No. 0861715) |
| 333 SE 2nd Avenue | Email: eric.lundt@sedgwicklaw.com |
| Suite 4400 | SEDGWICK LLP |
| Miami, FL 33131 | 2400 E. Commercial Blvd. |
| Telephone:  305-579-0500 | Suite 1100 |
| Facsimile:  305-579-0717 | Fort Lauderdale, FL 33308 |
| | Tel: (954) 958-2500 |
| | Fax: (954) 958-2513 |
| OF COUNSEL: | Anthony M. Insogna |
| MERCHANT & GOULD, P.C. | Email: aminsogna@jonesday.com |
| Jeffrey D. Blake | J. Patrick Elsevier, Ph.D. |
| 191 Peachtree Street, NE | Email: jpelsevier@jonesday.com |
| Atlanta, Georgia 30303-1740 | JONES DAY |
| Telephone:  404-954-5100 | 12265 El Camino Real |
| Facsimile:  404-954-5099 | Suite 200 |
| | San Diego, CA  92130-4096 |
| | Tel: (858) 314-1200 |
| | Fax: (858) 314-1150 |
| | Christopher M. Morrison |
| | E-mail: cmorrison@jonesday.com |
| | JONES DAY |
| | 100 High Street |
| | 22nd Floor |
| | Boston, MA 02110-1781 |
| | Tel: (617) 449-6895 |
| | Fax: (617) 449-6999 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant and Counterclaim-* |
| *IVAX LLC* | *Plaintiff Celgene Corporation* |

SDI-145400v1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

### CASE NO. 0:12-CV-61917-WPD/DIMITROULEAS/SNOW

**IVAX LLC f/k/a/ IVAX CORPORATION,**

    Plaintiff and Counterclaim-Defendant,

v.

**CELGENE CORPORATION,**

    Defendant and Counterclaim-Plaintiff.

### CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing document was served on all counsel of record via ECF on December 18, 2012:

    /s/ Marlene Silverman
    Marlene Silverman, Esq.